UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JOSEPH PEREZ, | Case No. 3:25-cv-00537-MMD-CSD |
| Plaintiff, | SCREENING ORDER |
| v. | |
| JAMES DZURENDA, *et al.*, | |
| Defendants. | |

Pro se Plaintiff Joseph Perez, who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC") at Northern Nevada Correctional Center ("NNCC"), has submitted a civil rights complaint (ECF No. 1-1 ("Complaint")) pursuant to 42 U.S.C. § 1983, an application to proceed *in forma pauperis* (ECF No. 1), and a motion for preliminary injunction (ECF No. 5). The matter of the filing fee will be temporarily deferred. The Court now screens the Complaint under 28 U.S.C. § 1915A.

I.      SCREENING STANDARD

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* §§ 1915A(b)(1), (2). *Pro se* pleadings, however, must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States; and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, under the Prison Litigation Reform Act ("PLRA"), a federal court must dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *See id*.

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide

2

the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by an incarcerated person may be dismissed *sua sponte* if that person's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.    SCREENING OF COMPLAINT

Perez names 19 Defendants, including NDOC administrators and medical providers and corrections officers from High Desert State Prison ("HDSP") and NNCC for events that occurred at both prisons. (ECF No. 1-1 at 3.) He purports to bring three claims and seeks monetary damages and injunctive relief. (*Id*. at 3-25.)

Perez alleges that he has received insufficient and/or delayed treatment for myriad serious medical needs over the course of many years. Defendants knew of his medical conditions through kites, grievances and examinations and took no action. Based on these allegations, Perez asserts claims of deliberate indifference to his serious medical needs against all Defendants.

### A.    Eighth Amendment and Deliberate Indifference to Serious Medical Needs

The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'" *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). A prison official violates the Eighth Amendment when he acts with "deliberate indifference" to the serious medical

needs of an inmate. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012), *overruled on other grounds by Peralta v. Dillard*, 744 F.3d 176, 1082-83 (9th Cir. 2014).

To establish the objective prong, "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations omitted). Serious medical needs include those "that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (citation modified).

To satisfy the subjective deliberate indifference prong, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett*, 439 F.3d at 1096. "Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id*. (internal quotations omitted). A prison official may only be held liable if he or she "knows of and disregards an excessive risk to inmate health and safety." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). When a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay led to further injury. *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (holding that "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference").

**B.    Legal Standards for a Complaint**

A plaintiff's complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "[E]ach claim founded on a separate transaction or occurrence . . . must be stated in a separate count . . . ." *Id.*

Rule 18(a) allows a plaintiff to add multiple claims to the lawsuit when they are against the same defendant. Rule 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions" and if "any question of law or fact common to all defendants will arise in the action." However, unrelated claims that involve different defendants must be brought in separate lawsuits. This Court's General Order that applies to *pro se* inmate non-habeas civil rights filings also explicitly requires that a Plaintiff meet the Rule 20(a)(2) requirements. General Order No. 2021-05 § 2(e). Claims that do not meet the requirements must be filed in separate lawsuits. *Id.*[1]

The Ninth Circuit has recognized that "the problem with shotgun pleadings is that they make it difficult, if not impossible, for the opposing party to formulate a response." *Gibson v. City of Portland*, 165 F.4th 1265, 1288 (9th Cir. 2026). The Court emphasized that "[i]t is not the job of the district courts to make sense of the pleading, to supply facts to support the claim, or to imagine the claims that might fit the facts." *Id.* at 1289. A district court has "inherent authority to control its docket and ensure the prompt resolution of lawsuits, which in some circumstances includes the power to dismiss a complaint for failure to comply with Rule 8(a)(2) and Rule

---

[1]*See*, *e.g.*, *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (holding in a PLRA Context that a "buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner.").

10(b)." *Id.* (citation modified).[2] The Ninth Circuit reasoned that "allowing the party to re-plead the complaint, not only provides better notice to opposing parties of the claims against them, but prevents the needless expenditure of finite judicial resources." *Id.* at 1290.

The function of a complaint is not to list every single fact relating to the plaintiff's claims. The plaintiff must set forth his or her claims in a simple, concise, and direct manner in order to meet the requirements of Rule 8. For example, a complaint that "contains multiple counts, incorporating allegations for all preceding counts," is "conclusory and vague," and "asserts multiple claims against multiple defendants without identifying who did what" violates "three of the four categories of shotgun pleadings" identified by the Ninth Circuit. *Id.* at 1291.

Here, Perez brings several different claims against several different prison officials that are unrelated and cannot proceed in one single action. For example, Perez raises claims pertaining to medical care for many different issues, including but not limited to hemorrhoids, scheduling of a colonoscopy, spinal injections, prescription refills, the need for various medical devices/equipment, an elbow injury, and high blood pressure, that appear to span over a decade.

The Court therefore dismisses the Complaint with leave to file an amended complaint. If Perez chooses to amend, each claim that is raised in his amended complaint must be permitted by either Rule 18 or Rule 20. Perez may state a single claim against a single defendant. He may then add any additional claims to his action that are against the same defendant under Rule 18. Perez may also add any additional claims against other defendants if those claims arise from the same transaction, occurrence, or series of transactions as his original claim. Rule 20(a)(2). If Perez elects to amend his complaint, he must choose which related claims he wishes to pursue in this action. If Perez's

---

[2]Federal Rule of Civil Procedure 10(b) generally requires a party to limit each claim to a single set of circumstances.

amended complaint sets forth unrelated claims which violate joinder rules, the Court will dismiss the claims it finds to be improperly joined.

### C.    Leave to Amend

Although the Court grants Perez leave to amend, it does not grant him leave to amend in any way that he sees fit. Perez has leave to amend to allege briefly and specifically how specific defendants were deliberately indifferent to his specific serious medical needs. The Court does not give Perez leave to assert new claims.

If Perez chooses to file an amended complaint, he is advised that an amended complaint replaces the complaint, so the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc*., 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty*., 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). This means that the amended complaint must contain all facts and claims and identify all defendants that he intends to sue. Perez must file the amended complaint on this Court's approved prisoner-civil-rights form, and it must be titled "First Amended Complaint." Perez must follow the instructions on the form. He need not and should not allege very many facts in the "nature of the case" section of the form or include lengthy citations to and discussion of caselaw. Rather, in each claim, he should allege facts sufficient to show what each defendant did to violate his civil rights. He must file the amended complaint within 30 days of the date of this order. If Perez chooses not to file an amended complaint curing the stated deficiencies, the Court will dismiss this case without prejudice for failure to state a claim.

### D.    Motion for Preliminary Injunction

Finally, Perez has filed a Motion for Preliminary Injunction. (ECF No. 5.) Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 24 (2008). "A plaintiff

seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20). Furthermore, under the PLRA, preliminary injunctive relief must be "narrowly drawn," "extend no further than necessary to correct the harm," and be "the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2). Moreover, "[a] court's equitable power lies only over the merits of the case or controversy before it. When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015).

In his Motion, Perez alleges generally that he is not receiving adequate treatment for many different serious medical conditions, and the laundry list of medical problems is expanded even beyond those listed in the Complaint. (ECF No. 5.) He asks for certain treatments, evaluations, and procedures. The Court notes that the new medical issues he mentions are unrelated to the Complaint, and this Court lacks the authority to issue an injunction based on claims not pled in the Complaint. Moreover, the Court denies the Motion because it dismisses Perez's Complaint in its entirety with leave to amend, so there is no operative complaint before the Court at this time.

III.    **CONCLUSION**

It is therefore ordered that a decision on the application to proceed *in forma pauperis* (ECF No. 1) is deferred.

The Clerk of Court is directed to detach and file the Complaint (ECF No. 1-1), and send Perez a courtesy copy of it.

It is further ordered that the Complaint is dismissed without prejudice and with leave to amend as set forth in this order.

It is further ordered that, if Perez chooses to file an amended complaint curing the deficiencies of his claims, as outlined in this order, he must file the amended complaint within 30 days from the date of entry of this order.

The Clerk of Court is directed send to Perez the approved form for filing a § 1983 complaint, with instructions. If Perez chooses to file an amended complaint, he should use the approved form and write the words "First Amended" above the words "Civil Rights Complaint" in the caption.

It is further ordered that, if Perez fails to timely file an amended complaint curing the deficiencies of his claims, the Court will dismiss this action without prejudice for failure to state a claim.

It is further ordered that Perez's Motion for Preliminary Injunction (ECF No. 5) is denied without prejudice.

DATED THIS 26th Day of June 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE