UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSEPH PEREZ,<br>Plaintiff,<br>v.<br>JAMES DZURENDA, et al.,<br>Defendants. | Case No. 3:25-cv-00440-ART-CSD<br><br>**ORDER DENYING MOTION TO EXCLUDE CASES FROM MEDIATION** |
| JOSEPH PEREZ<br>Plaintiff<br>v.<br>JAMES DZURENDA, et al.,<br>Defendants. | Case No. 3:25-cv-00537-MMD-CSD |

Nevada prisoner Joseph Perez brings these civil-rights actions to redress constitutional violations that he allegedly suffered while incarcerated at Nevada State prisons. In screening Plaintiff's first amended complaint in his action styled 3:25-cv-00537-MMD-CSD ("*Perez 1*"), the Court allowed Eighth Amendment medical-indifference claims to proceed against certain defendants, stayed the case, and referred the matter to the Court's Inmate Early Mediation ("IEM") Program. *Perez 1*, ECF No.. 9. The Court also ordered the parties to engage in mediation discussions in two other of Plaintiff's lawsuits: 3:26-cv-00650-ART-CSD and 3:25-cv-00440-ART-CSD ("*Perez 2*"). *Perez 1*, ECF No. 12. Thereafter, Plaintiff filed a motion in *Perez 2* seeking to exclude that case and *Perez 1* from mediation, arguing that his family are attempting to obtain counsel to represent him in *Perez 2*, and the mediator was biased against him during mediation in a different proceeding. *Perez 2*, ECF No. 10.

## I. DISCUSSION

Prisoner civil-rights cases under 42 U.S.C. § 1983 generally require significant time and resources to resolve. These costs are perhaps most acutely felt by incarcerated

plaintiffs who understandably want swift resolution for alleged constitutional violations but often lack the funds needed to retain an attorney to prosecute their claims. In an effort to minimize these costs, the Court created its IEM Program in which eligible § 1983 cases are sent to early mediation after the Court screens the complaint. A party moving to exclude a case from the program must demonstrate why the case is not suitable for mediation.

The Court is sympathetic to Plaintiff's concern that his claims are not suitable for mediation because he might obtain an attorney, but it does not share his concern. Plaintiff provides no details or timeline about his family's efforts, and no attorney has appeared on his behalf in either case. The Court also does not share Plaintiff's concern that the mediator will not be neutral. The information Plaintiff provides about what transpired in mediation of a different case shows the mediator merely expressed his opinion that Plaintiff did not have a strong claim in that case. Plaintiff has not shown that the mediator was biased or otherwise unprofessional.

Parties frequently express pessimism about the likelihood of settlement before mediation and settlement conferences. Yet on many occasions, the parties come to an agreement and successfully resolve their dispute. Not all cases settle. But there is still a benefit to the parties mediating even if the case does not settle. The IEM Program gives the parties an opportunity to address the strengths and weaknesses of their claims and defenses in front of a neutral mediator who has legal experience. The parties can then apply the insight they gain from the mediation process to their strategies going forward. For government defendants, the discussions may shed light on potentially errant policies, decisions, procedures, or activities and possibly allow them to take corrective action. While an inmate plaintiff may be educated about the technical nuances of § 1983 litigation.

## II. CONCLUSION

It is therefore ordered that Plaintiff's motion to exclude cases from mediation (ECF No. 10) is denied. Plaintiff is expected to participate in good faith in the IEM Program for

all of his cases noticed, and he is reminded that the mediation conference is scheduled for November 3, 2026, at 8:30 a.m.

DATED: November 2, 2026

UNITED STATES MAGISTRATE JUDGE